In the Matter of the Marriage of
BAUER,
*Respondent,*
*and*
BAUER,
*Appellant.*

(No. 51527, CA 14293)

605 P2d 750

John G. Crawford, Jr., Portland, argued the cause for appellant. With him on the brief was Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Gary E. Norman, Albany, waived appearance for respondent.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Husband appeals from an order of the trial court requiring him to hold wife harmless from certain bills which he was required to pay by the dissolution decree. We affirm.

Wife filed a dissolution petition on February 21, 1978. Following a default proceeding, the decree was entered on June 9, 1978. One of the provisions of the decree was that husband should pay certain named debts and hold wife harmless from any obligation for the same. On July 7, 1978, husband filed a petition in bankruptcy. On October 16, 1978, wife filed a motion asking husband to show cause why he should not be held in contempt for not paying the bills which he was obligated to pay under the terms of the decree. On November 29, 1978, husband's discharge in bankruptcy was granted.

The show cause hearing was held on January 17, 1979 with only husband testifying. The testimony consisted of information about the state of his finances. The court ordered him to pay $250 in attorney fees for the hearing and $75 a month toward nearly $3,000 worth of bills.

On January 26, 1979, husband filed a motion for reconsideration and motion for relief from the judgment. The motion was allowed and hearing held on March 12, 1979. No new testimony was presented, but both parties submitted memoranda and the attorneys presented arguments as to the effect of the discharge in bankruptcy.

The court, in its comments, noted that husband had been discharged from his obligations to the creditors by the discharge in bankruptcy, but that he had not been discharged from the obligation to hold wife harmless as required by the decree. A new order was accordingly entered as follows:

"1. That the Respondent is ordered to hold the Petitioner harmless from all bills set out in Para-

graph 5 of the Decree which Petitioner shall be validly obligated to pay.

"2. That Respondent is further ordered to pay the sum of $250.00 as and for attorney's fees of the Petitioner in this proceeding."

Husband appeals claiming that the decree placed him in the position of indemnitor as to wife and that a discharge in bankruptcy releases the bankrupt from obligations as an indemnitor. We find it unnecessary to reach this issue. 11 USC 523 (a)(3) exempts from discharge any debt not listed or scheduled unless the creditor had notice or actual knowledge of the bankruptcy proceedings.[1] Nothing in the record before us indicates that wife had either legal or actual notice of the bankruptcy proceedings. Therefore, husband's obligation to her was not discharged.

Affirmed. No costs to either party.

---

[1] 11 USC 523 (a) and (3) provides:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt —

"* * * * *

"(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit —

"(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

"(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request."